UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRAVIS GRANDISON    )<br>)<br>Plaintiff    )<br>)<br>v.    )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Defendant    )<br>_____) | Civil Action No. 1:07-EV-00754(RMC) |

**PLAINTIFF'S REPLY TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

**Defendant does not seek the dismissal of the following:**

1. **Discrimination based on Race as defined under the District of Columbia Human Rights Act (Count I)**
2. **Discrimination based on Sex/Reverse Discrimination as defined under the District of Columbia Human Rights Act (Count II).**
3. **Retaliation against Plaintiff for filing a discrimination action under the District of Columbia's Human Rights Act (Count III)[1].**
4. **Discriminatory Discharge (Count VII).**
5. **Slander/Defamation (Count V).**
6. **Interference with Contract (Count IX).**

The four (4) causes of action Defendant seeks to dismiss are breach of contract, good faith and fair dealing, intentional infliction of emotional distress and violation of procedural due process.[2]

---

[1] An error was made in the original complaint and Intentional Infliction of Emotional Distress was incorrectly noted as Count III.
[2] Plaintiff submits with regard to the due process issue.

1

## ARGUMENT

**Defendant contends that Plaintiff's claim of intentional infliction of emotional distress, breach of contract, and good faith and fair dealing claims are governed by the Collective Bargaining Agreement and that accordingly Section 301 of the Labor Management Relations Act Preempts such claims since the fact finder is required to consider and analyze the Collective Bargaining Agreement.**

**Accordingly, the Court must first determine whether these claims are pendent claims or whether they are preempted by 301. "(I)f the resolution of a state-law claim depends upon the meaning of a collective bargaining agreement the application of state law . . . is pre-empted and federal labor-law principles . . . must be employed to resolve the dispute." … However, "…301 pre-emption merely ensures that federal law will be the basis for interpreting collective bargaining agreements and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements." "In other words, even if dispute resolution pursuant to a collective bargaining agreement on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement … <u>Brown v. Gino Morena Enters.</u> 44 F. Supp. 2d 41, 51-52; 1999 U.S. Dist. Lexis 5274;161 L.R.R.M. 2350.**

**With regard to the case at bar it is clear that there is no necessity to refer to the collective bargaining agreement with regard to intentional infliction of emotional distress. This cause of action is sounded in tort and is no where addressed in the collective bargaining agreement in any manner. Moreover, the Complaint sets forth acts by the Defendant which require a fact finder to determine whether or not such actions meet the relevant standards of said cause of action.**

**With regard to the breach of contract cause of action, Defendant notes that its Security Guard Handbook states that "Nothing herein ….shall be construed to**

be a contract between the employer and employee…management retains the absolute right to terminate any employee …with or without cause…" While… " Under District of Columbia law, the presumption is that employment for an unspecified time is terminable at will. "… However, an implied contract may arise from the language of an employee handbook although the determination of whether an employee manual creates contractual rights in the employee is an issue for the jury… <u>Yesudian v. Howard University, et. al., Defendants</u> 946 F. Supp. 31; 1996 U.S. Dist. LEXIS 17341. As the Court noted, when viewed in a vacuum, Defendant's disclaimers may seem to be sufficient Id. at P. 34. However, viewing them in conjunction with other provisions of the handbook can bring about a different result. For example, in Section 2 Rules and Regulations at 2.15 discipline is discussed. Under these circumstances, it is respectfully submitted that the issue of whether the manual constitutes a contract is for the jury to decide.

For the above reasons, it is respectfully submitted that Defendant's motion be denied to the extent argued above.

Respectfully submitted,

_____
Jay Schiffres, Esq., D.C. Bar 185488
700 E Street, SE
Washington, D.C. 20003
(703) 383-3991/Telephone
(703) 383-3998/Facsimile

Dated: May 16, 2007     Counsel for Travis Grandison