UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRAVIS GRANDISON            )
                            )
        Plaintiff           )
                            )
v.                          )    Civil Action No. 1:07-EV-00754(RMC)
                            )
UNITED STATES OF AMERICA    )
                            )
        Defendant           )
_____)

**PLAINTIFF'S CONSENT 6 (b)(2) MOTION FOR LEAVE TO FILE MOTION OUT OF TIME.[1]**

Plaintiff, through the undersigned, respectfully requests the Court to allow Plaintiff to file out of time the Attached Motion (Exhibit A), for the following reasons:

1. On May 10, 2007, Plaintiff filed a Consent Motion for an Extension of Time to file a Reply to Defendant's Motion to Dismiss.

2. On May 15, 2007, the Court granted this request and ordered that Plaintiff's reply be extended to close of business on May 15, 2007.

3. Plaintiff filed a Motion for a Continuance as well as the Reply to Defendant's motion on May 16, 2007.

4. By Order dated May 16, 2007, the Court denied Plaintiff's Motion for a Continuance without prejudice inasmuch as Plaintiff should have moved to file a motion out of time.

5. Plaintiff's counsel through inadvertence as well as the family matters noted in Exhibit A, incorrectly filed the aforementioned Motion for a Continuance on May 16, 2007.

6. Defendant does not oppose this motion.

---
[1] See Attached Exhibit A

Wherefore, it is respectfully requested that the instant Motion for Leave to file out of time be accepted by this honorable Court inasmuch as the above noted error constitutes excusable neglect.

Respectfully submitted,

_____
Jay Schiffres, Esq., D.C. Bar 185488
700 E Street, SE
Washington, D.C. 20003
(703) 383-3991/Telephone
(703) 383-3998/Facsimile

Dated:  May 20, 2007        Counsel for Travis Grandison

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRAVIS GRANDISON                )
                                )
         Plaintiff              )
                                )
     v.                         )        Civil Action No. 1:07-EV-00754(RMC)
                                )
UNITED STATES OF AMERICA        )
                                )
         Defendant              )
                                )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR EXTENSION OF TIME TO FILE REPLY TO
DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OR, IN THE
ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**

1. Federal Rules of Civil Procedure 6(b)(2)

                              Respectfully submitted,


                              _____
                              Jay Schiffres, Esq., D.C. Bar 185488
                              700 E Street, SE
                              Washington, D.C. 20003
                              (703) 383-3991/Telephone
                              (703) 383-3998/Facsimile

**Dated:  May 20, 2007   Counsel for Travis Grandison**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRAVIS GRANDISON** ) | |
| ) | |
|   **Plaintiff** ) | |
| ) | |
| **v.** ) | Civil Action No. 1:07-EV-00754(RMC) |
| ) | |
| **UNITED STATES OF AMERICA** ) | |
| ) | |
|   **Defendant** ) | |
| ) | |

## **ORDER**

**UPON CONSIDERATION OF Plaintiff Travis Grandison's Motion for Leave to file out of time is Memorandum of Points and Authorities in Support and argument of counsel, it is this _____ day of _____ 2007,**

**ORDERED that Plaintiff Motion be and hereby is GRANTED.**

            _____
            **Judge Rosemary M. Collyer**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRAVIS GRANDISON ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 1:07-EV-00754(RMC) |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant ) | |
| ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

Defendant does not seek the dismissal of the following:

1. Discrimination based on Race as defined under the District of Columbia Human Rights Act (Count I)
2. Discrimination based on Sex/Reverse Discrimination as defined under the District of Columbia Human Rights Act (Count II).
3. Retaliation against Plaintiff for filing a discrimination action under the District of Columbia's Human Rights Act (Count III)[1].
4. Discriminatory Discharge (Count VII).
5. Slander/Defamation (Count V).
6. Interference with Contract (Count IX).

The four (4) causes of action Defendant seeks to dismiss are breach of contract, good faith and fair dealing, intentional infliction of emotional distress and violation of procedural due process.[2]

---

[1] An error was made in the original complaint and Intentional Infliction of Emotional Distress was incorrectly noted as Count III.
[2] Plaintiff submits with regard to the due process issue.

1

## ARGUMENT

Defendant contends that Plaintiff's claim of intentional infliction of emotional distress, breach of contract, and good faith and fair dealing claims are governed by the Collective Bargaining Agreement and that accordingly Section 301 of the Labor Management Relations Act Preempts such claims since the fact finder is required to consider and analyze the Collective Bargaining Agreement.

Accordingly, the Court must first determine whether these claims are pendent claims or whether they are preempted by 301. "(I)f the resolution of a state-law claim depends upon the meaning of a collective bargaining agreement the application of state law . . . is pre-empted and federal labor-law principles . . . must be employed to resolve the dispute." … However, "…301 pre-emption merely ensures that federal law will be the basis for interpreting collective bargaining agreements and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements." "In other words, even if dispute resolution pursuant to a collective bargaining agreement on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement … <u>Brown v. Gino Morena Enters.</u> 44 F. Supp. 2d 41, 51-52; 1999 U.S. Dist. Lexis 5274;161 L.R.R.M. 2350.

With regard to the case at bar it is clear that there is no necessity to refer to the collective bargaining agreement with regard to intentional infliction of emotional distress. This cause of action is sounded in tort and is no where addressed in the collective bargaining agreement in any manner. Moreover, the Complaint sets forth acts by the Defendant which require a fact finder to determine whether or not such actions meet the relevant standards of said cause of action.

With regard to the breach of contract cause of action, Defendant notes that its Security Guard Handbook states that "Nothing herein ….shall be construed to

be a contract between the employer and employee…management retains the absolute right to terminate any employee …with or without cause…" While… " Under District of Columbia law, the presumption is that employment for an unspecified time is terminable at will. "… However, an implied contract may arise from the language of an employee handbook although the determination of whether an employee manual creates contractual rights in the employee is an issue for the jury…  <u>Yesudian v. Howard University, et. al., Defendants</u> 946 F. Supp. 31; 1996 U.S. Dist. LEXIS 17341.  As the Court noted, when viewed in a vacuum, Defendant's disclaimers may seem to be sufficient Id. at P. 34.  However, viewing them in conjunction with other provisions of the handbook can bring about a different result.  For example, in Section 2 Rules and Regulations at 2.15 discipline is discussed. Under these circumstances, it is respectfully submitted that the issue of whether the manual constitutes a contract is for the jury to decide.

For the above reasons, it is respectfully submitted that Defendant's motion be denied to the extent argued above.

Respectfully submitted,

Jay Schiffres, Esq., D.C. Bar 185488
700 E Street, SE
Washington, D.C. 20003
(703) 383-3991/Telephone
(703) 383-3998/Facsimile

Dated:  May 16, 2007          Counsel for Travis Grandison