IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRAVIS GRANDISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-cv-00754 (RMC) |
| ) | |
| WACKENHUT SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Wackenhut Services, Inc ("WSI"), by and through its undersigned counsel, hereby answers the Complaint in the above-captioned case as follows:

1. Paragraph 1 of the Complaint contains jurisdictional allegations and/or legal conclusions to which no response is required.

2. Paragraph 2 of the Complaint contains jurisdictional allegations and/or legal conclusions to which no response is required.

3. WSI admits that it employed Plaintiff and that he is an African American male. WSI lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 3 of the Complaint.

4. WSI admits that it is a corporation that provides security services for private business and government agencies. WSI denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. WSI admits the allegations contained in Paragraph 5 of the Complaint.

      6.      WSI lacks sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint.

      7.      WSI admits the allegations contained in Paragraph 7 of the Complaint.

      8.      WSI admits that when it hired Plaintiff WSI had employment manuals and policies apposite to its employees, including Plaintiff. Those manuals and policies speak for themselves.

      9.      WSI admits the allegations contained in Paragraph 9 of the Complaint.

      10.      WSI denies the allegations contained in Paragraph 10 of the Complaint.

      11.      WSI admits that Plaintiff submitted a memorandum dated March 2, 2006 to project manager Chuck Carroll. That memorandum speaks for itself. WSI denies the remaining allegations contained in Paragraph 11 of the Complaint.

      12.      WSI denies the allegations contained in Paragraph 12 of the Complaint.

      13.      WSI admits that Mr. Carroll responded to Plaintiff's memorandum by memorandum dated March 1, 2006. Mr. Carroll's memorandum speaks for itself. WSI denies the remaining allegations contained in Paragraph 13 of the Complaint.

      14.      WSI denies the allegations contained in Paragraph 14 of the Complaint.

      15.      WSI denies the allegations contained in Paragraph 15 of the Complaint.

      16.      WSI denies the allegations contained in Paragraph 16 of the Complaint.

      17.      WSI admits that Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") dated March 13, 2006. Plaintiff's charge speaks for itself.

      18.      WSI admits that by letter dated March 16, 2006 from K.A. Conry, Vice President and General Manager of WSI's Nation's Capital Region, WSI suspended Plaintiff. Mr. Conry's letter speaks for itself.

19. WSI admits that by letter dated March 17, 2007 from K.A. Conry, WSI suspended Plaintiff from work. Mr. Conry's letter speaks for itself.

20. WSI admits that the Equal Employment Opportunity Commission (the "EEOC") issued a Dismissal and Notice of Rights to Plaintiff dated March 30, 2006. The EEOC's Dismissal and Notice speaks for itself.

21. WSI denies the allegations contained in Paragraph 21 of the Complaint.

22. WSI denies that Mr. Carroll told Plaintiff to come back to work on May 2, 2002. WSI lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 22 of the Complaint.

23. WSI lacks sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint.

24. WSI admits that Plaintiff was not on WSI's work schedule on May 2, 2002. WSI lacks sufficient information to admit or deny the allegations contained in Paragraph 24 of the Complaint.

25. WSI lacks sufficient knowledge to admit or deny Plaintiff's allegations concerning what his supervisor at Startech purportedly told him. WSI also lacks sufficient knowledge to admit or deny Plaintiff's allegations regarding actions of representatives of the General Accounting Office. WSI denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. Wackenhut denies the allegations contained in Paragraph 26 of the Complaint.

27. WSI denies the allegations contained in Paragraph 27 of the Complaint.

28. WSI admits, on or about May 4, 2006, WSI management informed Plaintiff that management had filmed proof that he was not wearing a hat and that his tie was not properly

3

attached to his uniform. Wackenhut denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. WSI denies the allegations contained in Paragraph 29 of the Complaint.

30. WSI admits that Plaintiff filed a charge with the EEOC dated May 11, 2006. His charge speaks for itself.

31. WSI admits by letter dated May 22, 2006 from K.A. Conry, WSI terminated Plaintiff's employment effective May 25, 2006. Mr. Conry's letter speaks for itself.

32. WSI admits that it terminated Plaintiff effective May 25, 2006. WSI denies the remaining allegations contained in Paragraph 32 of the Complaint.

33. WSI adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 32 of the Complaint as though fully stated herein.

34. WSI denies the allegations contained in Paragraph 34 of the Complaint.

35. WSI denies the allegations contained in Paragraph 35 of the Complaint.

36. WSI denies the allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 contains jurisdictional allegations and/or legal conclusions to which no response is required.

38. WSI denies the allegations contained in Paragraph 38 of the Complaint.

39. WSI incorporates by reference its responses to the allegations contained in Paragraphs 1 through 38 of the Complaint as though fully stated herein.

40. WSI denies the allegations contained in Paragraph 40 of the Complaint.

41. WSI denies the allegations contained in Paragraph 41 of the Complaint.

42. WSI incorporates by reference its responses to the allegations contained in Paragraphs 1 through 41 of the Complaint as though fully stated herein.

43. WSI denies the allegations contained in Paragraph 43 of the Complaint.

44. WSI denies the allegations contained in Paragraph 44 of the Complaint.

45. WSI incorporates by reference its responses to the allegations contained in Paragraphs 1 through 44 of the Complaint as though fully stated herein.

46. The Court dismissed Plaintiff's claim for intentional infliction of emotional distress by Order dated September 25, 2007. Accordingly, Paragraph 46 of the Complaint contains allegations to which no response is required.

47. WSI incorporates by reference its responses to the allegations contained in Paragraphs 1 through 46 of the Complaint as though fully stated herein.

48. The Court dismissed Plaintiff's claim for breach of contract by Order dated September 25, 2007. Accordingly, Paragraph 48 of the Complaint contains allegations to which no response is required.

49. The Court dismissed Plaintiff's claim for breach of contract by Order dated September 25, 2007. Accordingly, Paragraph 49 of the Complaint contains allegations to which no response is required.

50. The Court dismissed Plaintiff's claim for breach of contract by Order dated September 25, 2007. Accordingly, Paragraph 50 of the Complaint contains allegations to which no response is required.

51. The Court dismissed Plaintiff's claim for breach of contract by Order dated September 25, 2007. Accordingly, Paragraph 51 of the Complaint contains allegations to which no response is required.

52. The Court dismissed Plaintiff's claim for breach of contract by Order dated September 25, 2007. Accordingly, Paragraph 52 of the Complaint contains allegations to which no response is required.

53. The Court dismissed Plaintiff's claim for breach of contract by Order dated September 25, 2007. Accordingly, Paragraph 53 of the Complaint contains allegations to which no response is required.

54. WSI adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 53 of the Complaint as though fully stated herein.

55. WSI denies the allegations contained in Paragraph 55 of the Complaint.

56. WSI denies the allegations contained in Paragraph 56 of the Complaint.

57. WSI denies the allegations contained in Paragraph 57 of the Complaint.

58. WSI denies the allegations contained in Paragraph 58 of the Complaint.

59. WSI adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1-58 of the Complaint as though fully stated herein.

60. The Court has dismissed Plaintiff's claim for breach of the covenant of good faith and fair dealing by Order dated September 25, 2007. Accordingly, Paragraph 60 of the Complaint contains allegations to which no response is required.

61. The Court has dismissed Plaintiff's claim for breach of covenant of good faith and fair dealing by Order dated September 25, 2007. Accordingly, Paragraph 61 of the Complaint contains allegations to which no response is required.

62. WSI adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1-61 of the Complaint as though fully stated herein.

63. WSI denies the allegations contained in Paragraph 63 of the Complaint.

64. WSI denies the allegations contained in Paragraph 64 of the Complaint.

65. WSI adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1-64 of the Complaint as though fully stated herein.

66. The Court has dismissed Plaintiff's due process claim by Order dated September 25, 2007. Accordingly, Paragraph 66 of the Complaint contains allegations to which no response is required.

67. The Court has dismissed Plaintiff's due process claim by Order dated September 25, 2007. Accordingly, Paragraph 67 of the Complaint contains allegations to which no response is required.

68. WSI adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 67 of the Complaint as though fully stated herein.

69. WSI denies the allegations contained in Paragraph 69 of the Complaint.

70. WSI denies that Plaintiff is entitled to the relief he requests or to any relief whatsoever.

71. WSI denies each and every allegation contained in the Complaint that WSI has not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the unclean hands doctrine.

### SIXTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this case.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his arbitration remedy.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead his slander and/or defamation claims with paticularity.

### NINETH AFFIRMATIVE DEFENSE

Any purportedly slanderous and/or defamatory statements upon which Plaintiff relies are privileged.

### TENTH AFFIRMATIVE DEFENSE

Any purportedly slanderous and/or defamatory statements upon which Plaintiff relies are true.

### ELEVENTH AFFIRMATIVE DEFENSE

The District of Columbia Workers' Compensation Law preempts Plaintiff's claims.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to avail himself of WSI's reasonable remedial measures to redress discrimination and harassment.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

Wherefore, having answered, WSI submits that the Court should dismiss the Complaint and grant WSI such further relief as the Court deems just.

        Respectfully submitted,

        ARENT FOX LLP

        By:    /s/ Kristine J. Dunne
              Henry Morris, Jr. (Bar No. 375894)
              Kristine J. Dunne (Bar No. 471348)
        1050 Connecticut Avenue, N.W.
        Washington, D.C. 20036-5339
        (202) 857-6000/Telephone
        (202) 857-6395/Facsimile
        morris.henry@arentfox.com,
        dunne.kristine@arentfox.com

        *Counsel for Wackenhut Services, Inc.*

Dated: October 10, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of October, 2007, she caused a copy of the foregoing Wackenhut Services, Inc.'s Answer, to be transmitted via electronic filing to the following:

>Jay Schiffres, Esquire
>700 E Street, SE
>Washington, D.C.  20003
>Telephone:  (202) 383-3991
>Facsimile:  (202) 383-3998
>Email:  jschiffres@aol.com

>    /s/   Kristine J. Dunne
>Kristine J. Dunne (Bar No. 471348)
>Arent Fox LLP
>1050 Connecticut Avenue, N.W.
>Washington, D.C. 20036-5339
>(202) 857-6000/Telephone
>(202) 857-6395/Facsimile
>dunne.kristine@arentfox.com