IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRAVIS GRANDISON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WACKENHUT SERVICES, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 1:07-cv-00754 (RMC) |

### JOINT REPORT TO THE COURT UNDER LOCAL RULE 16.3(d)

Plaintiff, Travis Grandison, and Defendant, Wackenhut Services, Inc. ("WSI"), by and through their respective undersigned counsel, hereby submit their Local Rule 16.3(d) Report, after having conferred pursuant to Local Rule 16.3(a) and the Court's Order for Initial Scheduling Conference.

**Plaintiff's Statement of the Facts and the Statutory Basis for His Claims**

Plaintiff's Complaint is founded on the District of Columbia Human Rights Act and the District of Columbia's interpretation of the torts alleged. In brief, Plaintiff contends that Defendant discriminated against him based on his race and sex which resulted in his being unfairly disciplined and retaliated against. That said retaliation included his termination and that he suffered slander in the course of his employment as well as the other torts originally alleged.

**WSI's Statement of the Statutory Basis for its Defenses**

As to its First Affirmative Defense, which is the only statutorily based affirmative defense that WSI has pled, WSI pleads that Plaintiff's claims are barred by the applicable statute of limitations. Plaintiff seeks relief under the District of Columbia Human Rights Act (the

LDR/210679.1

"DCHRA"). The statute of limitations for DCHRA employment discrimination claims, generally, is one year. D.C. Code Ann. §2-1403.16(a). But, it appears that some of the purported conduct about which Plaintiff complains occurred more than one year before he commenced this action. Accordingly, his DCHRA claims based on that purported conduct is time-barred.

As to its Second Affirmative Defense, WSI pleads that Plaintiff's claims are barred by the doctrine of laches, due to Plaintiff's delay in asserting his claims against WSI.

As to its Third Affirmative Defense, WSI pleads that Plaintiff has failed to state a claim upon which relief can be granted, on the ground that his allegations do not support a slander/defamation claim.

As to its Fourth Affirmative Defense, WSI pleads that Plaintiff has failed to mitigate his damages, which WSI expects to establish through discovery.

As to its Fifth Affirmative Defense, WSI pleads that Plaintiff's claims are barred by the unclean hands doctrine, based on Plaintiff's misconduct while employed by WSI.

As to its Sixth Affirmative Defense, WSI pleads that the Court lacks subject matter jurisdiction over this case. Plaintiff was a member of the collective bargaining unit represented by the Union of Security Guards at the Government Accountability Government Office Headquarters ("Union"). WSI and the Union were parties to a collective bargaining agreement which governed Plaintiff's employment. As a result, Section 301 of the Labor Management Relations Act preempts Plaintiff's claims raised in this action.

As to its Seventh Affirmative Defense, WSI pleads that Plaintiff has failed to exhaust his arbitration remedy pursuant to the collective bargaining agreement between WSI and the Union.

As to its Eighth Affirmative Defense, WSI pleads that Plaintiff has failed to plead his slander and/or defamation claims with requisite particularity. Plaintiff does not allege the content of the allegedly slanderous and/or defamatory statements, and how, when, by whom and to whom the alleged statements were made.

As to its Ninth Affirmative Defense, WSI pleads that any purportedly slanderous and/or defamatory statements upon which Plaintiff relies are privileged employer communication, some of which relate to WSI's defense of Plaintiff's workers' compensation claim.

As to its Tenth Affirmative Defense, WSI pleads that any purportedly slanderous and/or defamatory statements upon which Plaintiff relies are true, and thus as a matter of law do not constitute slander or defamation.

As to its Eleventh Affirmative Defense, WSI pleads that the District of Columbia Workers' Compensation Law preempts Plaintiff's claims to the extent that he alleges workplace injury.

As to its Twelfth Affirmative Defense, WSI pleads that Plaintiff unreasonably failed to avail himself of WSI's reasonable remedial measures to redress discrimination or harassment. Plaintiff failed to timely report any actionable discrimination or harassment pursuant to WSI's policies and the collective bargaining agreement.

As to its Thirteenth Affirmative Defense, WSI pleads that Plaintiff has failed to exhaust his administrative remedies. Plaintiff filed this action prior to receiving a notice of right to sue from the U.S. Equal Employment Opportunity Commission relating to the administrative charge of discrimination he filed with that agency.

**Local Rule 16.3 Matters**

1. The Court granted WSI's motion for partial dismissal or in the alternative for partial summary judgment, and therewith dismissed a number of Plaintiff's claims. The parties do not believe that the remainder of the case is likely to be resolved by any other dispositive motion prior to the summary judgment phase.

2. The parties agree that the deadline for joining additional parties and amending the pleadings should be 30 days from the date on which the Court issues its scheduling order. They further agree that they cannot, at this time, agree upon or narrow the legal and factual issues in this case.

3.  The parties believe that this case should not be assigned to a magistrate judge for all purposes, including trial.

4.  The parties agree that there is no realistic possibility of settling the case at this time.

5.  After considering the factors set forth in Local Rule 16.3(c)(5)(i)-(v), the parties agree that this case might benefit from assignment to Court-supervised mediation, but the parties disagree on the timing of the mediation. WSI believes that the mediation should be scheduled after discovery has concluded, and Plaintiff believes that the mediation should be scheduled prior to the close of discovery.

6.  The Plaintiff respectfully asserts that the likelihood of Summary Judgment is small since the evidence will show material facts in dispute. WSI believes that this case is likely to be disposed of by summary judgment. The parties agree that all summary judgment motions should be filed within 45 days after discovery closes. The parties further agree that (a) opposition briefs should be filed within 30 days after summary judgment motions are filed; and (b) reply briefs should be filed 21 days after opposition briefs are filed. Further, the parties respectfully request that the Court issue a decision on the summary judgment motion as soon as practicable after the motion is fully briefed.

7.  The parties believe that the Court should dispense with the initial disclosures specified in Federal Rule of Civil Procedure 26(a)(1).

8.  The parties agree that (a) all discovery, including expert witness discovery, should conclude 150 days after the date on which the Court issues its scheduling order; (b) the number of depositions, not including expert witnesses, should be limited to 5 per party; and (c) the number of interrogatories, including subparts, should be limited to 25 per party. The parties further agree that all discovery requests should be served early enough so that the responses are due no later than the discovery cut-off date.

9.  The parties agree that the Court should not modify the requirements for exchanging expert witness reports and information under Federal Rule of Civil Procedure

26(a)(2). The parties further agree that (a) Plaintiff should name his expert witnesses and submit expert witness reports and information under Federal Rule of Civil Procedure 26(a)(2) within 60 days after the Court issues its scheduling order; (b) WSI should name its experts and submit expert witness reports and information under Federal Rule of Civil Procedure 26(a)(2) within 30 days of the latter of (1) Plaintiff's last day for identifying experts and submitting expert witness reports and information under Federal Rule of Civil Procedure 26(a)(2), or (2) WSI's receipt of Plaintiff's expert witnesses designation and related materials under Federal Rule of Civil Procedure 26(a)(2); and (c) all expert depositions should be completed by the close of discovery.

10. This is not a class action.

11. The parties agree that neither the trial nor discovery in this case should be bifurcated or managed in phases.

12. The parties agree that the pretrial conference should take place approximately 60 days after the Court rules upon WSI's summary judgment motion.

13. The parties agree that the Court should set the trial date at the pretrial conference.

14. Production of all documents, including electronic documents, shall be in paper copy, unless otherwise agreed upon by the parties. The parties will be allowed at the time of production of electronic documents to assert privilege and will so indicate. Plaintiff has copied or will copy onto paper the electronic documents relating to the claims and defenses in this case, and will preserve these and other paper documents until the case is disposed of by final order or on appeal; and WSI has copied or will copy the electronic documents relating to the claims and defenses in this case and will preserve these and other paper documents until the case is disposed of by final order or on appeal.

15. Defendant proposes that its electronic discovery obligations be limited to preserving and producing electronic documents relevant to the claims and defenses raised in this action that are contained on the work computers or servers of the following Wackenhut officials and offices germane to this case: Kevin Conry, Chuck Carroll, and the Human Resources Office. Plaintiff does not agree with this approach.

Respectfully submitted,

| | |
|---|---|
| ARENT FOX LLP | JAY D. SCHIFFRES |
| By:    /s/ Kristine J. Dunne <br>        Henry Morris, Jr., Esq. (#375894) <br>        Kristine J. Dunne, Esq. (#471348) <br> 1050 Connecticut Avenue, N.W. <br> Washington, D.C. 20036-5339 <br> Telephone: (202) 857-6000 <br> Facsimile: (202) 857-6395 <br> Email: morris.henry@arentfox.com, <br> dunne.kristine@arentfox.com <br><br> *Counsel for Wackenhut Services, Inc.* | By:    /s/ Jay D. Schiffres <br>        Jay D. Schiffres, Esq. (#185488) <br> 700 E Street, SE <br> Washington, D.C. 20003 <br> Telephone: (703) 383-3991 <br> Facsimile: (703) 383-3998 <br> Email: jschiffres@aol.com <br><br> *Counsel for Travis Grandison* |

Dated: November 19, 2007