**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| **TRAVIS GRANDISON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Civil Action No. 1:07-cv-00754 (RMC)** |
| | ) |
| **WACKENHUT SERVICES, INC.,** | )  **Next Event:  Status Conference,** |
| | )                     **May 2, 2008, 2:00 p.m.** |
| **Defendant.** | ) |

_____

## UNOPPOSED MOTION FOR CLARIFICATION OF
## NOVEMBER 28, 2007 SCHEDULING ORDER

Defendant Wackenhut Services, Inc. ("WSI"), by and through its undersigned counsel, requests that the Court clarify the Scheduling Order dated November 28, 2007 issued in this case, specifically item number 7 which relates to electronic discovery obligations of the parties.

As required by Local Rule 7(m), Defendant's counsel has conferred with Plaintiff's counsel, Jay D. Schiffres, Esq., concerning this motion. On January 3, 2008, Mr. Schiffres conveyed that Plaintiff does not oppose Defendant's instant motion.

Respectfully submitted,

ARENT FOX LLP

By:  ____/s/ Kristine J. Dunne_____
　　　Henry Morris, Jr., Esq. (#375894)
　　　Kristine J. Dunne, Esq. (#471348)
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
Telephone:  (202) 857-6000
Facsimile:  (202) 857-6395
Email:  morris.henry@arentfox.com,
dunne.kristine@arentfox.com

*Counsel for Wackenhut Services, Inc.*

Dated: January 4, 2008

LDR/212970.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                )
**TRAVIS GRANDISON,**           )
                                )
   **Plaintiff,**     )
                                )
  **v.**                   )  **Civil Action No. 1:07-cv-00754 (RMC)**
                                )
**WACKENHUT SERVICES, INC.,**   )  **Next Event: Status Conference,**
                                )       **May 2, 2008, 2:00 p.m.**
   **Defendant.**     )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S UNOPPOSED MOTION FOR
<u>CLARIFICATION OF NOVEMBER 28, 2007 SCHEDULING ORDER</u>**

   Defendant Wackenhut Services, Inc. ("WSI") submits this memorandum of points and

authorities in support of its unopposed motion for clarification of the Court's November 28, 2007

Scheduling Order.

   The Scheduling Order states the following in item number 7:

    7.  *Plaintiff's* electronic discovery obligations shall be limited to
      preserving and producing electronic documents relevant to the
      claims and defenses raised in this action that are contained on the
      computers or servers of the following Wackenhut officials and
      offices germane to this case:  Kevin Conry (home and work
      computer), Chuck Carroll (home and work computer) and the
      Human Resources Office."

Scheduling Order at 2 (emphasis added), attached hereto as Exhibit 1.

   Defendant seeks clarification of item number 7 of the Scheduling Order because it

appears contrary to the judge's communication at the Scheduling Conference that *Defendant's*

electronic discovery obligations would be so limited.  Moreover, as the Scheduling Order is

currently written, Plaintiff is not obligated to preserve and produce electronic documents that he

possesses, but must preserve and produce electronic documents in the possession of certain officials and offices of WSI, his former employer. In further support of its motion, Defendant states the following:

1.      The parties' Joint Report to the Court under Local Rule 16.3(d), which was filed on November 17, 2007, included a proposal by Defendant that *Defendant's* electronic discovery obligations be limited to certain WSI officials and offices. Joint Report at 6. Defendant's proposed scheduling order, filed on November 20, 2007, contained this same proposed limitation on Defendant's electronic discovery obligations. *See* proposed order, attached hereto as Exhibit 2.

2.      At the November 26, 2007 scheduling conference, Defendant reiterated its request for a limitation on its electronic discovery obligations. The Court indicated that Defendant's request would be granted. The Scheduling Order issued thereafter, however, does not contain any limitation on Defendant's electronic discovery obligations and instead limits *Plaintiff's* obligations. *See* Scheduling Order at 2.

For all of these reasons and for good cause shown, Defendant asks the Court to clarify the

November 28, 2007 Scheduling Order by amending item number 7 to indicate as follows:

7.     Defendant's electronic discovery obligations shall be limited to preserving
       and producing electronic documents relevant to the claims and defenses
       raised in this action that are contained on the computers or servers of the
       following Wackenhut officials and offices germane to this case:  Kevin
       Conry (home and work computer), Chuck Carroll (home and work
       computer) and the Human Resources Office.

The clarification is consistent with Defendant's proposed order and with what the Court

communicated at the November 26, 2007 Scheduling Conference.

Respectfully submitted,

ARENT FOX LLP

By:     /s/ Kristine J. Dunne
        Henry Morris, Jr., Esq. (#375894)
        Kristine J. Dunne, Esq. (#471348)
        1050 Connecticut Avenue, N.W.
        Washington, D.C. 20036-5339
        Telephone:  (202) 857-6000
        Facsimile:  (202) 857-6395
        Email:  morris.henry@arentfox.com,
        dunne.kristine@arentfox.com

        *Counsel for Wackenhut Services, Inc.*

Dated: January 4, 2008

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of January, 2008, she caused a copy of the foregoing Unopposed Motion for Clarification of November 28, 2007 Scheduling Order, memorandum of points and authorities in support, and proposed order, to be transmitted via electronic filing to the following:

> Jay Schiffres, Esquire
> 700 E Street, SE
> Washington, D.C.  20003
> Telephone:  (703) 383-3991
> Facsimile:  (703) 383-3998
> Email:  jschiffres@aol.com

> ___/s/   Kristine J. Dunne_____
> Kristine J. Dunne (Bar No. 471348)
> Arent Fox LLP
> 1050 Connecticut Avenue, N.W.
> Washington, D.C. 20036-5339
> (202) 857-6000/Telephone
> (202) 857-6395/Facsimile
> dunne.kristine@arentfox.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **TRAVIS GRANDISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 07-754 (RMC)** |
| | ) | |
| **WACKENHUT SERVICES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

### SCHEDULING ORDER

Upon consideration of the joint report of the parties submitted pursuant to LCvR 16.3(d), and after a scheduling conference held in open Court on November 26, 2007, it is hereby **ORDERED** that:

1.   Motions to join third parties or to amend the pleadings shall be filed no later than December 26, 2007.

2.   Plaintiff's designation of experts and reports pursuant to Fed. R. Civ. P. 26(a)(2) shall be made no later than January 25, 2008. Defendant's designation of experts and reports shall be made no later than February 25, 2008. All expert depositions shall be completed by the close of discovery.

3.   Each party is limited to a maximum of five (5) depositions.

4.   Each party is limited to a maximum of twenty-five (25) interrogatories, including discrete subparts. Responses to all interrogatories shall be made thirty (30) days after service.

5.   Each party is limited to a maximum of twenty-five (25) requests for admissions, including

discrete subparts. Responses to all requests for admissions shall be made thirty (30) days after service.

6.      Production of all documents, including electronic documents, shall be in paper copy, unless otherwise agreed by the parties.

7.      Plaintiff's electronic discovery obligations shall be limited to preserving and producing electronic documents relevant to the claims and defenses raised in this action that are contained on the computers or servers of the following Wackenhut officials and offices germane to this case: Kevin Conry (home and work computer), Chuck Carroll (home and work computer), and the Human Resources Office.

8.      All discovery, including expert witness discovery, shall be completed no later than April 24, 2008.

9.      Dispositive motions shall be filed no later than June 9, 2008; oppositions shall be filed no later than July 9, 2008; replies shall be filed no later than July 30, 2008. A motion for extension of time to file a motion, opposition, or reply will be denied except upon a showing of good cause. The page limitations for briefs referenced in LCvR 7(e) are to be strictly followed by the parties.

10.     Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).

11.     Counsel are expected to conduct themselves in a civil, polite, and professional manner at all times, particularly during discovery. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are unable to

resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel.

12.   A further status conference is scheduled for 2:00 p.m. on May 2, 2008, at which time a pretrial conference date and a trial date will be selected. Counsel shall be prepared at the status conference to advise the court of the expected length of trial and of the number of fact and expert witnesses each party will present. Trial counsel shall appear at all hearings, unless excused by the court in advance of the hearing date.

13.   Counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a Magistrate Judge. If the case settles, in whole or in part, Plaintiff's counsel shall advise this Court by promptly filing a stipulation.

14.   This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. *See* Fed. R. Civ. P. 16(b); LCvR 16.4(b).

**SO ORDERED.**

Date: November 28, 2007                          _____/s/_____
                                                 ROSEMARY M. COLLYER
                                                 United States District Judge

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
                                    )
TRAVIS GRANDISON,                   )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )      Civil Action No. 1:07-cv-00754 (RMC)
                                    )
WACKENHUT SERVICES, INC.,           )
                                    )
         Defendant.                 )
                                    )
```

### WSI'S PROPOSED SCHEDULING ORDER

This matter comes before the Court for an initial scheduling conference. This Court, having considered the parties' Rule 16.3 Report and the representations of their respective counsel, issues the following Scheduling Order.

It is hereby ORDERED that the Parties shall comply with the following directives:

1.     The deadline for joining additional parties and amending pleadings shall be December 26, 2007.

2.     All discovery, including expert witness discovery, shall be concluded by April 24, 2008. All discovery requests must be served early enough so that the responses are due no later than the discovery cut-off date.

3.     The number of depositions, not including expert witness depositions, shall be limited to 5 per party. The number of interrogatories, including subparts, shall be limited to 25 per party.

4.     Plaintiff shall name his expert witnesses and submit expert witness reports and information under Fed. R. Civ. P. 26(a)(2) by January 25, 2008. Defendant shall name its expert

witnesses and submit expert witness reports and information under Fed. R. Civ. P. 26(a)(2) by February 25, 2008.  All expert witness depositions shall be completed by the close of discovery.

5.      Summary judgment motions shall be filed by June 9, 2008.  Opposition briefs shall be filed 30 days after summary judgment motions are filed.  Reply briefs shall be filed 21 days after opposition briefs are filed.

6.      The pretrial conference shall take place approximately 60 days after the Court rules on any summary judgment motions.

7.      Production of all documents, including electronic documents, shall be in paper copy, unless otherwise agreed by the parties.  The parties will be allowed at the time of production of electronic documents to assert privilege and will so indicate.

8.      Defendant's electronic discovery obligations shall be limited to preserving and producing electronic documents relevant to the claims and defenses raised in this action that are contained on the computers or servers of the following Wackenhut officials and offices germane to this case:  Kevin Conry (home and work computer), Chuck Carroll (home and work computer), and the Human Resources Office.

9.      Court-supervised mediation shall be scheduled for a date following the close of discovery.


                                        SO ORDERED.


                                        _____
                                        Judge Rosemary M. Collyer
                                        United States District Judge

Dated: November ___, 2007

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                )
**TRAVIS GRANDISON,**           )
                                )
               **Plaintiff,**   )
                                )
        **v.**                  )        **Civil Action No. 1:07-cv-00754 (RMC)**
                                )
**WACKENHUT SERVICES, INC.,**   )
                                )
               **Defendant.**   )
_____)

## PROPOSED ORDER

Upon consideration of Defendant's unopposed motion for clarification of the scheduling order dated November 28, 2007, it is hereby

ORDERED that Defendant's unopposed motion for clarification be and hereby is GRANTED;

ORDERED that the Scheduling Order dated November 26, 2007 be and hereby is amended to replace item number 7 with the following language:

7.      Defendant's electronic discovery obligations shall be limited to preserving and producing electronic documents relevant to the claims and defenses raised in this action that are contained on the work computers or servers of the following Wackenhut officials and offices germane to this case:  Kevin Conry (home and work computer), Chuck Carroll (home and work computer), and the Human Resources Office.


SO ORDERED.

_____
Judge Rosemary M. Collyer
United States District Judge

Dated: January ___, 2008

LDR/212969.1