**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|                                  |   |                                         |
|----------------------------------|---|-----------------------------------------|
| **TRAVIS GRANDISON,**            | ) |                                         |
|                                  | ) |                                         |
| **Plaintiff,**                   | ) |                                         |
|                                  | ) |                                         |
| **v.**                           | ) | **Civil Action No. 1:07-cv-00754 (RMC)** |
|                                  | ) |                                         |
| **WACKENHUT SERVICES, INC.,**    | ) |                                         |
|                                  | ) |                                         |
| **Defendant.**                   | ) |                                         |

_____

**REPLY TO PLAINTIFF'S OPPOSITION TO WACKENHUT SERVICES, INC'S**
**SUMMARY JUDGMENT MOTION**

**I.      INTRODUCTION**

Grandison's Opposition to Wackenhut's summary judgment motion is a "riddle, wrapped in a mystery, inside an enigma."  Churchill, W., *Radio Broadcast*, (1939).  This much, however, is certain:

- By his silence, Grandison has conceded that the Court should enter a judgment in his favor on his interference with contract, defamation, hostile work environment, and discrimination claims.

- Because he has failed to respond to Wackenhut's Statement of Material Facts as to which No Genuine Issue Exists ("Wackenhut's Statement"), the Court may treat Wackenhut's Statement as admitted.

- And, despite months of discovery and a protracted period in which to prepare his opposition, Grandison has failed to identify a single triable issue regarding his one remaining claim:  His claim that Wackenhut (1) suspended him on March 16, 2006, for tardiness or failure to observe assigned work hours; (2) suspended him

again the next day for violating security procedures or regulations; and (3)

terminated him on May 25th, for willful insubordination, because he filed EEOC

charges.  Opposition at 1-2.[1]

In sum, the undisputed facts and law lead to one conclusion:  Grandson's suit is meritless.

So, the Court should enter a judgment in Wackenhut's favor.

## II.    ARGUMENT

### A.    The Standard for Granting Summary Judgment

To avoid summary judgment, the opposing party must introduce substantial evidence

"showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).  He must do more than show that there is

a "metaphysical doubt" regarding material facts.  *Matsushita*, 475 U.S. at 586.  He must come

forward with *proof* that "there is sufficient evidence favoring the non-moving party for a jury to

return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

As this Court has admonished:

> Such evidence must consist of more than mere unsupported allegations or denials
> and must set forth specific facts showing that there is a genuine issue for trial….
> If the evidence is 'merely colorable' or 'not significantly probative,' summary
> judgment may be granted.

*Walker v. Dalton*, 94 F. Supp. 2d 8, 10 (D.D.C. 2000) (citations omitted).  *Accord Tom Sawyer*

*Prods., Inc. v. Progressive Partners Achieving Solutions, Inc.*, 550 F. Supp. 2d 23, 27 (D.D.C.

2008) ("A nonmoving party, however, must establish more than 'the mere existence of a scintilla

of evidence' in support of its position. . . .   In addition, the nonmoving party may not rely solely

on allegations or conclusory statements.") (citations omitted); *Bugg-Barber v. Randstad US,*

---

[1]    Citations to Grandson's opposition brief are denominated "Opposition at ___."

*L.P.*, 271 F. Supp. 2d 120, 122, n.1 (D.D.C. 2003) ("Argument and legal conclusions are not evidence.").

That standard applies with equal force to employment discrimination and retaliation cases. Plaintiffs in such cases are "not relieved of [their] obligation to support [their] allegations by affidavits or other competent evidence showing that there is a genuine issue for trial." *Robinson v. Bank of Am.,* No. Civ. A. 04-0647, 2006 WL 2830854, at *4 (D.D.C. Sept. 29, 2006) (quoting *Remedios Jose v. The Hosp. for Sick Children*, 130 F. Supp. 2d 38, 41 (D.D.C. 2000)). They must demonstrate, through admissible evidence, that a reasonable jury could conclude that an unlawful animus motivated the defendant's challenged conduct. *See Brady v. Office of the Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008).

Grandison utterly has failed to carry his burden.

**B.    The Court Should Treat as Admitted the Facts that Wackenhut Identified in its Statement of Material Facts as to which there is No Genuine Issue.**

The District of Columbia Circuit requires strict compliance with Local Rule 7(h).

*Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996).[2]  Local Rule 7(h), which is identical to Local Rule 56.1, provides as follows:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement.  An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement… .  In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

D.D.C. LCvR 7(h).

---

[2]    *Jackson* and other cases cited herein address Local Rule 7(h)'s predecessor:  Local Rule 108(h).  Those rules, however, are closely analogous.  Accordingly, the cited decisions are apposite to this case.

Local Rule 7(h) helps the Court to decide summary judgment motions efficiently and effectively.

> Requiring strict compliance with the local rule is justified both by the nature of summary judgment and by the rule's purposes. The moving party's statement specifies the material facts and directs the district judge and the opponent of summary judgment to the parts of the record which the movant believes support his statement. The opponent then has the opportunity to respond by filing a counterstatement and affidavits showing genuine factual issues. The procedure contemplated by the rule thus isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record.

*Jackson*, 101 F.3d at 150-51 (citing *Gardels v. Cent. Intelligence Agency*, 637 F.2d 770, 773 (D.C. Cir. 1980)).

Grandison has flouted his obligations under the Local Rule. Indeed, in response to Wackenhut's Statement of Material Facts as to which No Genuine Issue Exist, Grandison has submitted absolutely nothing. So, under Local Rule 7(h), the Court should treat Wackenhut's Statement as admitted.[3] *See Malik v. District of Columbia*, 538 F. Supp. 2d 50, 52 (D.D.C. 2008) (assumes that the facts contained in uncontested Local Rule 7(h) statement are admitted); *Hubbard v. United States*, No. Civ. A. 07-0023, 2008 WL 1862299, at *2 (D.D.C. Apr. 24, 2008)("[I]f there is no concise statement of material facts in dispute, the court may treat the movant's statement of material facts as conceded.").

### C. The Court Should Treat as Conceded Wackenhut's Motion for Summary Judgment as to Grandison's Interference with Contract, Defamation, Hostile Work Environment, and Discrimination Claims.

Grandison's interference with contract, defamation, hostile work environment, and discrimination claims warrant the same treatment.

---

[3]     This is not the first time that Grandison has disregarded his Local Rule 7(h) responsibilities. Earlier in the case, Wackenhut moved for partial dismissal or, in the alternative, for partial summary judgment. With its Motion, Wackenhut filed a Statement of Material Facts as to which No Genuine Issue Exist. And, in response, Grandison submitted nothing. For that reason, among others, the Court dismissed one of his claims. *See Grandison v. Wackenhut Services, Inc.*, 514 F. Supp. 2d 12, 18, n.4 (D.D.C. 2007).

Local Rule 7(b) allows the Court to treat a motion as conceded, if the other party fails to submit a timely opposition.[4]

Likewise, if "a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003); *see Day v. D.C. Dep't of Consumer and Regulatory Affairs,* 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded.").

Grandison is silent regarding Wackenhut's motion for a summary judgment as to his interference with contract, defamation, and discrimination claims. And, for his hostile work environment claim, he offers only token support: Two conclusory sentences, in the last paragraph of his brief, wholly bereft of any reference to law or facts. Thus, the Court should treat Wackenhut's Motion regarding those claims as conceded.

### D. The Court Should Disregard Grandison's Incompetent Submissions.

Materials submitted on summary judgment do not warrant the Court's unthinking acceptance. *See Edmond v. Consumer Prot. Div.* (*In re Edmond*), 934 F.2d 1304, 1308 (4th Cir. 1991). Rather, to merit consideration, those materials must present admissible evidence. *See Jackson*, 101 F. 3d at 150 ("Unless the opposing party points to 'affirmative evidence' showing disputed material facts, the court shall enter summary judgment, if appropriate, against the adverse party.")(citation omitted); *Jameson v. Jameson,* 176 F.2d 58, 60 (D.C. Cir. 1949)("'Affidavits filed by a party in support of or in opposition to a motion for summary

---

[4]    "Within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." D.D.C. LCvR 7(b).

judgment must present evidence.  The affidavits should follow 'substantially the same form as though the affiant were giving testimony in court.'") (quoting S*eward v. Nissen*, 2 F.R.D. 545, 546 (D. Del. 1942)).

Heedless of that requirement, Grandison relies, almost exclusively, upon argument and unsworn assertions.  But, argument and unsworn assertions are no substitute for evidence.  Thus, the Court should disregard them when evaluating Wackenhut's Motion.  *See Davis v. District of Columbia*, No. Civ. A. 05-2176PLF/DA,  2006 WL 3917779, at *5 (D.D.C. Sept. 18, 2006) ("This circuit has affirmed the grant of summary judgment where the nonmoving party failed to cite any evidence in the record, and in the statement of factual issues 'did not set forth specific material facts, but simply asserted, without citing evidence in the record, that there was a disputed issue.'")(citation omitted); *Ransom v. Ctr. for Nonprofit Advancement*, 514 F. Supp. 2d 18, 30 (D.D.C. 2007)("Ms. Ransom presents argument, but no facts, to contest that the decision to fire her was made before May 27…..  This is clearly insufficient to avoid summary judgment.")

The Court should disregard, as well, the unsworn and unauthenticated exhibits that Grandison has submitted with his opposition.

"To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge, setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e)." *Stuart v. Gen. Motors Corp*., 217 F.3d 621, 636 n.20 (8th Cir. 2000); *see Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993)("It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment."); *Carey Canada, Inc. v. Cal. Union*

*Ins. Co.*, 748 F. Supp. 8, 13 (D.D.C. 1990) (strikes document that was "neither attached to an affidavit nor certified, as required by Rule 56(e)").

Again, heedless of his obligations, Grandison did not bother to attest to or authenticate the documents that he has submitted as Exhibits 4, 4A, 5, 7, 10 10A, 11, 11A, 13, and 15.  So, as of a matter of law, the court should disregard them.[5]

The declaration that Grandison has submitted, as Exhibits 12 and 12A, fares no better.

Rule 56(e) states that affidavits submitted to support or oppose a summary judgment motion "*must* be made on personal knowledge, set out such facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(e) (emphasis added).

Those provisions are unequivocal and cannot be circumvented.  As the D.C. Circuit put it:

> This rule plainly requires (the word 'shall' being mandatory) that an affidavit state matters personally *known* to the affiant.  A statement in such affidavit as to what the affiant 'verily believes' does not satisfy this requirement.  Belief, no matter how sincere, is not the equivalent of knowledge.  It is further required that the facts set forth in the affidavit be such as would be admissible in evidence should they be given, from the witness stand during trial of that case.

*Jameson*, 176 F.2d at 60 (emphasis added).[6]

Again, Grandison has flouted his obligations.  The declaration that he has submitted is based upon "knowledge, information, and belief," not exclusively upon personal knowledge.  And, it is replete with hearsay, conclusory allegations, and argument on the ultimate issue in this

---

[5]    Wackenhut filed, with its brief, sworn and authenticated copies of the documents that Grandison filed as Exhibits, 1, 2, 3, 6, 8, 9, 14 and 16.  So, those documents are properly before the Court.
[6]    *Jackson* references the prior language of Rule 56(e), which indicated that affidavits "*shall*" be based on personal knowledge.  Rule 56(e) has since been revised to make clear the mandatory requirement that such affidavits "*must* be based on personal knowledge."

case. *See Worsley* Decl. ¶¶ 5, 6, 8, and 9.[7]  So, the Court should disregard it.  *See Merit Motors, Inc. v. Chrysler Corp.*, 569 F.2d 666, 672-73 (D.C. Cir. 1977) (party cannot preclude summary judgment by submitting an affidavit containing information that would be inadmissible at trial).

      **E.    Wackenhut Did Not Retaliate Against Grandison.**

      Grandison's sole remaining claim -- retaliation -- fails on the merits, even if he overcomes the foregoing procedural obstacles, which should not happen.

      Grandison tries to evade summary judgment by pointing to the purportedly close proximity in time between the dates on which he filed his EEOC charges and the dates on which Wackenhut suspended and discharged him.  His effort, however, fails as a matter of law.

      A retaliation plaintiff may establish the causation element of his *prima facie* case by showing a "very close" temporal proximity between his alleged protected activity and the employer's challenged adverse action.  But, the employer may negate that showing with evidence that it took the challenged action for legitimate reasons.  *See Mason v. DaVita Inc.*, 542 F. Supp. 2d 21, 31 (D.D.C. 2008)("A plaintiff may rely on temporal proximity to prove causation, but such proximity must be 'very close.') (quoting *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)); *Carter v. Greenspan*, 304 F. Supp. 2d 13, 28 (D.D.C. 2004) ("Causation is often demonstration by proximity in time…, but can be negated by evidence discrediting any claim of retaliation.") (citations omitted).

      Such evidence abounds in this case.  And, it is undisputed.

      As to Wackenhut's decision to suspend Grandison on March 16th for violating security procedures or regulations -- first offense -- Grandison does not dispute that:

---

[7]      Citations to the Declaration of Leroy Worsley are denominated "Worsley Decl. ¶ ____."

- At his request, someone sent a personal facsimile to him at a GAO facsimile machine.

- Receiving it violated Wackenhut's policies and GAO security procedures.

- Wackenhut had informed personnel that they could not use government equipment, except when performing assigned duties.

- Craig Trumpet, the GAO's contracting officer's technical representative, asked Wackenhut to discipline Grandison appropriately for the same offense for which it had disciplined another employee who had engaged in similar conduct.

- Wackenhut administered the prescribed disciplinary measure for Grandison's infraction.

- And, Wackenhut did so *before* it learned about his EEOC charges.

*See* Wackenhut's Statement ¶¶ 37-41,  53-54, 79-80.

As to Wackenhut's decision to suspend him on March 17th for tardiness or failure to observe assigned work hours -- third offense -- Grandison does not dispute that:

- He reported to work nearly an hour late.

- By time that he arrived, the shift supervisor had summoned a replacement officer.

- So, the shift supervisor told Grandison that he was not needed.

- Wackenhut administered the prescribed disciplinary measure for Grandison's infraction.

- And, again, Wackenhut did so *before* it learned about his EEOC charges.

*See* Wackenhut's Statement ¶¶ 46-47, 53-54, 79-80.

As to Wackenhut's decision to terminate Grandison for willful insubordination -- second offense -- Grandison does not dispute that:

- An April 2nd security tape showed Grandison walking his rounds hatless, with his shirt collar open, and with his tie off to one side.

- Grandison's union shop steward reviewed the tape and confirmed that it revealed that Grandison was improperly dressed.

- Grandison's infraction came just days after, the Project Manager, Charles Carroll, had counseled Grandison about his dress.

- Carroll concluded that Grandison's continued failure to wear his uniform properly was a second act of willful insubordination.

- Grandison's shift supervisor, Sgt. Douglas Akinmola, denied Grandison's contention that Akinmola had excused Grandison from wearing his hat or tie.

- An officer whom Grandison identified as a witness, Michael Pope, reported that he did not hear Akinmola excuse Grandison from wearing those articles.

- Termination is the prescribed sanction for the second occurrence of willful insubordination.

- And, Wackenhut has disciplined, up to discharge, numerous employees for breaking the rules.

*See* Wackenhut's Statement ¶¶ 67-75, 77.

Surely, no jury, this side of the looking glass, could infer retaliation under these circumstances.

Grandison appears to fundamentally misconceive his charges' import. Filing such a charge is "meant to shield employees from the discriminatory actions of their employers." It does not, as Grandison evidently would have it, "excuse an employee's poor job performance, impudence, or insubordination." *Gregg v. Hay-Adams Hotel*, 942 F. Supp. 1, 9 (D.D.C. 1996);

*see Carter*, 304 F. Supp. 2d at 31 (same); *Wilson v. Taylor*, No. Civ. A. 83-3372, 1985 WL 5941, at *14 (D.D.C. July 31, 1985) ("A court must always be aware that reprisal can take subtle forms but there cannot be a rule that insulates an employee from adverse personnel actions merely because a discrimination complaint has previously been filed.").

The undisputed evidence makes clear that Wackenhut suspended and terminated Grandison due to his repeated infractions, not his EEOC charges. Thus, his retaliation claim fails as a matter of law.

Grandison cannot evade summary judgment by contending that Wackenhut suspended and terminated him "in anticipation" that he would engage in protected activity. Opposition at 2. There is no dispute that Grandison's Complaint pins his retaliation claim -- Count IIIA -- to his March 13, 2006, EEOC charge. *See* Wackenhut's Statement ¶ 53-56. Complaints are meant to state the issues of a case so that the parties can conduct discovery and present their cases intelligently. *Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987). Manifestly, it is far too late in the day for Grandison to change his claim. Plus, however, he frames his claim Grandison cannot overcome the undisputed evidence that Wackenhut suspended and terminated him for legitimate, good faith, business reasons.

Neither can Grandison escape summary judgment by contending that a former union official -- Leroy Worsley -- disagreed with Wackenhut's termination decision. Opposition at 6. It is *Wackenhut's* perception of Grandison's conduct that counts, not the union official's. *See DeJarnette v. Corning, Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) ("[W]e have repeatedly explained that '[i]t is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff .... Similarly, that plaintiff's co-workers 'may have thought that [she] did a good job, or that [she] did not 'deserve [to be discharged] is close to irrelevant.'")(citation omitted);

*Waterhouse v. District of Columbia*, 124 F. Supp. 2d 1, 7 (D.D.C. 2000) ("It is the perception of the decision-maker which is relevant.")(citation omitted).

## III.    CONCLUSION

"Lawsuits are not timeless or aeonian, and, although aging is not an altogether unhappy process, it is not a desirable aspect of judicial proceedings.  All things must end -- even litigation."  *Southern Rambler Sales, Inc. v. Am. Motors Corp.*, 375 F.2d 932, 938 (5th Cir. 1967).

This case has been pending for over a year.  The time is ripe to bring it to a merciful end.

Grandison has raised no issues of material fact.  Wackenhut is entitled to a judgment in its favor as a matter of law.  So, Wackenhut submits that the Court should grant Wackenhut's Motion, in its entirely.

Respectfully submitted,

ARENT FOX PLLC

By:    _____
            Henry Morris, Jr. (Bar No. 375894)
            Kristine J. Dunne (Bar No. 471348)
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
(202) 857-6000/Telephone
(202) 857-6395/Facsimile

Counsel for Wackenhut Services, Inc.