UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRAVIS GRANDISON            )
                            )
            Plaintiff       )
                            )
        v.                  )          Civil Action No. 1:07-EV-00754(RMC)
                            )
UNITED STATES OF AMERICA )
                            )
            Defendant       )
_____)

## PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT IT'S REPLY TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT TO INCLUDE A STATEMENT OF MATERIAL FACTS IN DISPUTE.

Plaintiff apologizes to this Honorable Court for not submitting the

Statement of Material Facts in Dispute in the appropriate form and respectfully

Requests that the attached statement of material facts be submitted.


Respectfully submitted


_____/s/_____

Jay Schiffres
Bar # 15488
700 E Street, S.E.
Washington, D.C. 20003

Charles Carrol, the Project Manager at the GAO location testified:

Q. In March, were you aware that—in March of 2006 that he had filed a
discrimination complaint?

A. I believe so. (Deposition Carrol Tr. 143-144)

———

Q Is it still your testimony that you did not know he filed EEOC Complaints
while he was still employed by Wackenhut?

A I don't know the time frame that I became aware of it.

Q. Are you changing your testimony?

A. No sir, I'm just not sure of the time frame.

Q. Your prior testimony, was it not, is that you were not aware of any
discrimination complaints, EEOC complaints, correct?

A.    Again, I was aware that there was one out there because I received a call
from Mr. Conry (Deposition Carrol Tr. 159)

Respectfully submitted

/j/s
Jay Schiffres
Bar # 15488
700 E Street, S.E.
Washington, D.C. 20003
(703) 383-3991

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRAVIS GRANDISON            )
                            )
            Plaintiff        )
                            )
      v.                     )          Civil Action No. 1:07-EV-00754(RMC)
                            )
UNITED STATES OF AMERICA )
                            )
            Defendant        )
_____)

## MEMORANDUM OF POINTS AND AUTHORITIES

1.  **Federal Rules of Civil Procedure**

2.  In *Malik v District of Columbia*, 538 F. Supp. 2d 50, 52, the Court indicated
    that admitting material facts under the circumstances herein was discretionary
    while a more substantial deficiency- where Plaintiff's opposition utterly failed to
    address *any* argument set forth in the motion could be treated as conceded. The
    procedural error in the case at bar does not rise to the level contemplated by the
    Court. It should be noted that only two material facts have been noted by
    Plaintiff.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRAVIS GRANDISON | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-EV-00754(RMC) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## ORDER

UPON CONSIDERATION OF Plaintiff Travis Grandison's Motion for

Leave to Supplement It's Reply to Defendant's Motion for Summary

Judgment to Include a Statement of Material Facts in Dispute and Plaintiff's

memorandum of points and authorities and argument of counsel, it is this _____

day of _____ 2008,

ORDERED that Plaintiff Motion be and hereby is _____

_____
Judge Rosemary M. Collyer

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRAVIS GRANDISON            )
                            )
            Plaintiff       )
                            )
        v.                  )            Civil Action No. 1:07-EV-00754(RMC)
                            )
UNITED STATES OF AMERICA )
                            )
            Defendant       )
_____)

PLAINTIFF'S STATEMENT OF MATERIAL FACTS WHICH ARE
IN DISPUTE

**Material Fact Number 1:**  Contrary to Defendant's assertion that Plaintiff agreed

with various reports which cited him for disciplinary reasons by signing said

documents …..Plaintiffs made it clear (see page 7 number 22 of Defendant's

material facts) that … "typically I didn't check whether I agree on didn't agree. I

probably would definitely check whether I didn't agree, but we were *forced to sign*

(emphasis supplied)."

**Material Fact Number 2:**  Contrary to Defendant's assertion that Defendant

learned of Plaintiff's first EEOC Complaint on March 28, 2006 (See Defendant's

Statement of Material Facts pg. 18, #'s 53, #'54, and that Defendant did not receive

Plaintiff's second EEOC Complaint until June 1, 2006, it is clear that the record

shows that the date that Defendant became aware of these complaints are in dispute.

4

1  of 2006, were you aware that he had filed a

2  discrimination complaint?

3          MR. MORRIS:  He, Mr. Grandison?

4          MR. SCHIFFRES:  Yes.

5          THE WITNESS:  I believe so.

6          BY MR. SCHIFFRES:

7      Q.   Do you have copies of faxes that were sent

8  to -- that you sent to Mr. Conry?

9      A.   No, sir.

10     Q.   Where did you send your faxes from?

11     A.   From my office.

12     Q.   Did you ever use the fax machine at the

13  GAO?

14     A.   No, sir.

15     Q.   Is it fair to say if Mr. Grandison used the

16  fax to fax something out, that would be in violation

17  of the regulations, correct?

18     A.   Yes, sir.

19     Q.   Does the same regulation say that if he

20  receives a fax he would be in violation?

21     A.   The information is not whether you receive

22  it or send it.  It just says you're not authorized

143

1     Q.   Okay.  And who did you discuss it with?

2     A.   My bosses and, of course, with the

3  schedulers.

4     Q.   I'm sorry.

5     A.   Schedulers, people that work on the

6  schedule.

7     Q.   Okay.  As far as the decision to terminate

8  him, who did you speak to?  Your bosses is what you

9  were saying?

10     A.   Yes, sir.

11     Q.   And which bosses?

12     A.   It would have been Mr. Conry, Mr. League.

13     Q.   Mr. Conry and who did you say?

14     A.   Mr. League.

15     Q.   Mr. League.  And did you discuss it with

16  them on the telephone?

17     A.   I can't recall.  It was by e-mail or

18  telephone.

19     Q.   Okay.  And when you had the e-mail or

20  telephone call, did you -- strike that.  Okay.  I'm

21  trying to get through it.

22     In March, were you aware that -- in March

M.A.R. REPORTING GROUP

Professional Court Reporters     PLATT & DAWSON

www.mar ...

<pre>
 1              FURTHER EXAMINATION

 2         BY MR. SCHIFFRES:

 3     Q.    Is it still your testimony that you did not

 4  know he filed EEOC complaints while he was still

 5  employed by Wackenhut?

 6     A.    I don't know the time frame that I became

 7  aware of it.

 8     Q.    Are you changing your testimony?

 9     A.    No, sir.  I'm just not sure of the time

10  frame.

11     Q.    Your prior testimony, was it not, is that

12  you were not aware of any discrimination complaints,

13  EEOC complaints, correct?

14         MR. MORRIS:  Objection as to the form, but

15  you may answer the question.

16         THE WITNESS:  Again, I was aware that there

17  was one out there because I received a call from

18  Mr. Conry.  But in other words when we discussed it,

19  I don't know.

20         BY MR. SCHIFFRES:

21     Q.    And did you ever see a copy of any

22  communication from the EEOC with regard to
</pre>