UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRAVIS GRANDISON            )
                            )
        Plaintiff           )
                            )
    v.                      )   Civil Action No. 1:07-EV-00754(RMC)
                            )
UNITED STATES OF AMERICA    )
                            )
        Defendant           )
_____)

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS WHICH ARE IN DISPUTE

**Material Fact Number 1:** Contrary to Defendant's assertion that Plaintiff agreed with various reports which cited him for disciplinary reasons by signing said documents …..Plaintiffs made it clear (see page 7 number 22 of Defendant's material facts) that … "typically I didn't check whether I agree on didn't agree. I probably would definitely check whether I didn't agree, but we were *forced to sign* (emphasis supplied)."

**Material Fact Number 2:** Contrary to Defendant's assertion that Defendant learned of Plaintiff's first EEOC Complaint on March 28, 2006 (See Defendant's Statement of Material Facts pg. 18, #'s 53, #'54, and that Defendant did not receive Plaintiff's second EEOC Complaint until June 1, 2006, it is clear that the record shows that the date that Defendant became aware of these complaints are in dispute.

4

1  of 2006, were you aware that he had filed a
2  discrimination complaint?
3          MR. MORRIS: He, Mr. Grandison?
4          MR. SCHIFFRES: Yes.
5          THE WITNESS: I believe so.
6          BY MR. SCHIFFRES:
7       Q. Do you have copies of faxes that were sent
8  to -- that you sent to Mr. Conry?
9       A. No, sir.
10      Q. Where did you send your faxes from?
11      A. From my office.
12      Q. Did you ever use the fax machine at the
13 GAO?
14      A. No, sir.
15      Q. Is it fair to say if Mr. Grandison used the
16 fax to fax something out, that would be in violation
17 of the regulations, correct?
18      A. Yes, sir.
19      Q. Does the same regulation say that if he
20 receives a fax he would be in violation?
21      A. The information is not whether you receive
22 it or send it. It just says you're not authorized

1    Q.   Okay. And who did you discuss it with?
2    A.   My bosses and, of course, with the
3    schedulers.
4    Q.   I'm sorry.
5    A.   Schedulers, people that work on the
6    schedule.
7    Q.   Okay. As far as the decision to terminate
8    him, who did you speak to? Your bosses is what you
9    were saying?
10   A.   Yes, sir.
11   Q.   And which bosses?
12   A.   It would have been Mr. Conry, Mr. League.
13   Q.   Mr. Conry and who did you say?
14   A.   Mr. League.
15   Q.   Mr. League. And did you discuss it with
16   them on the telephone?
17   A.   I can't recall. It was by e-mail or
18   telephone.
19   Q.   Okay. And when you had the e-mail or
20   telephone call, did you -- strike that. Okay. I'm
21   trying to get through it.
22        In March, were you aware that -- in March

```
 1                    FURTHER EXAMINATION
 2         BY MR. SCHIFFRES:
 3      Q.   Is it still your testimony that you did not
 4   know he filed EEOC complaints while he was still
 5   employed by Wackenhut?
 6      A.   I don't know the time frame that I became
 7   aware of it.
 8      Q.   Are you changing your testimony?
 9      A.   No, sir.  I'm just not sure of the time
10   frame.
11      Q.   Your prior testimony, was it not, is that
12   you were not aware of any discrimination complaints,
13   EEOC complaints, correct?
14           MR. MORRIS:  Objection as to the form, but
15   you may answer the question.
16           THE WITNESS:  Again, I was aware that there
17   was one out there because I received a call from
18   Mr. Conry.  But in other words when we discussed it,
19   I don't know.
20           BY MR. SCHIFFRES:
21      Q.   And did you ever see a copy of any
22   communication from the EEOC with regard to
```