IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRAVIS GRANDISON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WACKENHUT SERVICES, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 1:07-cv-00754 (RMC) |

**SUPPLEMENTAL REPLY TO GRANDISON'S OPPOSITION
TO WSI'S SUMMARY JUDGMENT MOTION**

**I.     Introduction**

Grandison has supplemented his opposition with a "Statement of Material Facts which are in Dispute" ("Grandison's Statement").

Grandison's Statement is not a model of clarity. He appears, however to take issue with two facts that Wackenhut identifies in its Statement: that (1) using a check mark, Grandison signified that he agreed with the content of his June 1, 2005, October 15, 2005, October 30, 2005, November 21, 2005, and January 13, 2006, disciplinary reports; and (2) WSI learned about his March 13, 2006 EEOC charge on March 28, 2006, when the Company received a copy from the EEOC.

His contentions, however, contribute nothing to his case.

LDR/231885.4

II.   Argument

    A.   **Grandison has Identified No Disputed Material Facts.**

        1.   **There is No Dispute that Grandison Signified that he Agreed with the Content of his June 1, 2005, October 15, 2005, October 30, 2005, November 21, 2005, and January 13, 2006, Disciplinary Reports.**

WSI contends that Grandison placed a checkmark on his June 1, 2005, October 15, 2005, October 30, 2005, November 21, 2005, and January 13, 2006, disciplinary reports, to signify that he agreed with their contents. In support, WSI submitted the disciplinary reports containing the check marks and Carroll's unequivocal testimony that he saw Grandison affix them. WSI also cited Grandison's repeated concession that he has no recollection whether he did so. *See* WSI Statement at ¶¶ 8, 9, 14, 15, 20, 23, 24, 28, 29, 30.

Grandison rejoins by pointing to his testimony that "we [-- presumably employees --] were forced to sign [--presumably disciplinary reports.]." Grandison's Statement at 1. His testimony, however, creates no issue as to whether he affixed check marks to the reports, signifying that he agreed with their contents. Neither does he contend that he disagrees with their contents. Nor does Grandison dispute that can point to no evidence that his race, gender, or education motivated those documents. *See* WSI Statement ¶¶ 8-10, 14-16, 20-31.

In short, Grandison's citation to his testimony contributes nothing to his case.

        2.   **There is No Dispute that WSI Learned about Grandison's March 13, 2006, EEOC Charge on March 28, 2006.**

Neither has Grandison raised a dispute as to when WSI learned about his March 13, 2006 EEOC charge.

WSI contends that it learned about the charge on March 28, 2006, when WSI received a copy from the EEOC. In support, WSI submitted (1) a copy of the charge that it received, which

LDR/231885.4        2

bears the Company's March 28th date-stamp; and (2) Conry's unambiguous testimony that the Company learned about the charge on March 28th.  *See* WSI Statement ¶¶ 53, 54.

In response, Grandison cites to Carroll's testimony that he cannot recall precisely when he learned about the charge.  Grandison's Statement at 1.[1]  But, Carroll's inability to recall when *he* learned about the charge raises no issue as to the substantial affirmative evidence that *WSI* learned about it on March 28th.

Plus, Grandison cites *nothing* to dispute the substantial affirmative evidence that WSI suspended and terminated him due to his repeated infractions, not his EEOC charges.  *See* WSI's Reply to Plaintiff's Motion to WSI's Summary Judgment Motion at 8-12.  So, again, his submission contributes nothing to his case.

### III. Conclusion

Grandison has had two chances.  Still, he utterly has failed to carry his burden under Local Rule 7(h).  Accordingly, the Court should treat as conceded the facts that WSI identifies in its Statement.  And, it should enter a judgment in WSI's favor as a matter of law.

Respectfully submitted,

ARENT FOX LLP

By:   /s/ Kristine J. Dunne
    Henry Morris, Jr., Esq. (#375894)
    Kristine J. Dunne, Esq. (#471348)
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
Telephone:  (202) 857-6000
Facsimile:  (202) 857-6395
Email:  morris.henry@arentfox.com,
dunne.kristine@arentfox.com

*Counsel for Wackenhut Services, Inc.*

---

[1]   Carroll testified as an individual, not as a corporate designate.  *See* deposition Notice, attached as Exhibit A.

LDR/231885.4                                    3

THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLULMBIA

| | |
|---|---|
| **Travis Grandison** | : |
| | : |
| **Plaintiff** | : |
| | : Civil Action No.107-cv-00754(RMC) |
| | : |
| | : |
| **v.** | : |
| | : |
| **Wackenhut Services Incorporated** | : |
| | : |
| **Defendant** | : |
| | : |

NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that the deposition of Chuck Carrol will be taken for the purpose of discovery or as evidence in this action at 700 E Street, S.E. Washington, D.C. 2003 before before a notary public or other official duly authorized to administer oaths, for the purpose of discovery and for use of evidence at trial. The deposition will commence at 9:30 am and will continue from time to time and from day to day until completed. The phone number at the above noted address is (202) 547-9180.

By: _/s/ J. Schiffres_
Jay Schiffres, Esquire
DC Bar No. 185488
700 E Street SE
Washington DC  20003
(703) 383-3991

1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered via first class mail, postage prepaid, and by fax this 31st day of March 2008 to Henry Morris, Jr. Esq. 1050 Connecticut Avenue, N.W. Washington, D.C. 20036.

_____
Jay Schiffres, Bar #185488
700 E Street, S.E.
Washington, DC 20003
(703) 383-3991